UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DESIRAE DEINER and
DRAKE BERTNICK
on behalf of themselves and all
others similarly situated,

                Plaintiffs,

    v.

JIM & LINDA'S LAKEVIEW SUPPER CLUB, LLC
N10362 Koenigs Road
Malone, Wisconsin 53049

        and

JAMES KOENIGS
N10362 Koenigs Road
Malone, Wisconsin 53049

        and

LINDA KOENIGS
N10362 Koenigs Road
Malone, Wisconsin 53049

        Defendants

Case No. 19-cv-462

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND Fed. R. Civ. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended by the Consolidated Appropriations Act, ("FLSA"), Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD

272.001 *et seq*. ("WWPCL"), Wisconsin common law, and Fed. R. Civ. P. 23, by Plaintiffs, Desirae Deiner and Drake Bertnick, on behalf of themselves and all other similarly situated current and former hourly-paid, non-exempt employees of Defendants, Jim & Linda's Lakeview Supper Club, LLC, James Koenigs, and Linda Koenigs, for purposes of obtaining relief under the FLSA and WWPCL for unpaid compensation, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant, Jim & Linda's Lakeview Supper Club, LLC (hereinafter simply "Defendant Lakeview"), is a privately owned supper club located in Malone, Wisconsin.

3.      Defendants, James Koenigs and Linda Koenigs, are the owners and operators of Defendant Lakeview.

4.      Defendants operated (and continue to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt employees for all hours worked, work performed, and wages earned each workweek, including at an overtime rate of pay, by operating an invalid and unlawful tip pool and by retaining tips earned and received by its hourly-paid, non-exempt tipped employees.

5.      Defendants' failure to compensate its hourly paid, non-exempt employees as described herein was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

7.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., Wisconsin common law, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants have substantial and systematic contacts in this District.

## PARTIES

9.      Defendant Lakeview is a privately owned supper club with a principle office address of N10362 Koenigs Road, Malone, Wisconsin 53049.

10.      Defendants, James Koenigs and Linda Koenigs, are the co-owners of Defendant Lakeview with an office address of N10362 Koenigs Road, Malone, Wisconsin 53049.

11.      On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant James Koenigs and Defendant Linda Koenigs operated and managed Defendant Lakeview on a daily basis.

12.      For purposes of the FLSA, Defendants were "employers" of "employees," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13. For purposes of the FLSA, Defendants were an "employer" of Plaintiffs, and Plaintiffs were "employed" by Defendants, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14. During the relevant time periods as stated herein, Defendant Lakeview was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

15. During the relevant time periods as stated herein, Defendant Lakeview employed more than two (2) employees.

16. During the relevant time periods as stated herein, Defendant Lakeview's annual dollar volume of sales or business exceeded $500,000.

17. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

18. During the relevant time periods as stated herein, Plaintiffs were "employed" by and/or "employees" of Defendants, as these terms are defined under the FLSA and the WWPCL.

19. During the relevant time periods as stated herein, Defendant James Koenigs was an "employer" as that term is defined under the FLSA and/or the WWPCL.

20. During the relevant time periods as stated herein, Defendant Linda Koenigs was an "employer" as that term is defined under the FLSA and/or the WWPCL.

21. Plaintiff, Desirae Deiner, is an adult female resident of the State of Wisconsin residing at 104 South Main Street, Apartment 404, Fond du Lac, Wisconsin 54935.

22. Plaintiff, Drake Bertnick, is an adult male resident of the State of Wisconsin residing at 104 South Main Street, Apartment 404, Fond du Lac, Wisconsin 54935.

23.     Plaintiffs' Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) are contemporaneously filed with this Complaint (ECF No. 1).

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff Deiner worked as an hourly-paid, non-exempt employee of Defendants in the positions of Bartender and Server.

25.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff Bertnick worked as an hourly-paid, non-exempt employee of Defendants in the positions of Server.

26.     Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendants in the positions of Bartender, Server, and Busser within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiffs performed similar job duties as other current and former hourly-paid, non-exempt Bartender, Server, and Busser (or those in similarly-related positions) who work at, worked at, and/or were employed by Defendants, and Plaintiffs and all other current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policies as enumerated herein.

27.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt employees on whose behalf Plaintiffs bring this Complaint performed compensable work in the same or similarly-titled positions at Defendants' direction, on Defendants' behalf, and/or with Defendants' knowledge.

28.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt employees on whose behalf Plaintiffs bring this Complaint were considered "tipped employees," as this phrase is used in the FLSA and WWPCL.

29.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt employees on whose behalf Plaintiffs bring this Complaint who were employed in the positions of Bartender, Server, and Busser customarily and regularly received more than $30.00 per month in tips.

30.     During Plaintiffs' employment with Defendants, Defendants James Koenig and Linda Koenig supervised Plaintiffs' and all other hourly-paid, non-exempt employees' day-to-day activities.

31.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants James Koenig and Linda Koenig had the ability and authority to (and actually did), hire, terminate, promote, demote, and suspend Plaintiffs and all other hourly-paid, non-exempt employees.

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants James Koenig and Linda Koenig had the ability and authority to (and actually did), review Plaintiffs' work performance and the work performance of all other hourly-paid, non-exempt employees.

33.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants James Koenig and Linda Koenig established the work rules, policies, and procedures by which Plaintiffs and all other hourly-paid, non-exempt employees abided in the workplace.

34.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants James Koenig and Linda Koenig controlled the terms and conditions of Plaintiffs' and all other hourly-paid, non-exempt employees' employment.

35.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants James Koenig and Linda Koenig established Plaintiffs and all other hourly-paid, non-exempt employees' work schedules.

36.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants James Koenig and Linda Koenig provided Plaintiffs and all other hourly-paid, non-exempt employees with work assignments and hours of work.

37.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants James Koenig and Linda Koenig controlled Plaintiffs' hours of work and the hours of work of all other hourly-paid, non-exempt employees.

38.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs were engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

39.     In approximately December 2017, Defendants hired Plaintiff Deiner as a Bartender.

40.     During Plaintiff Deiner's employment with Defendants, Plaintiff Deiner performed compensable work in the positions of Bartender and Server.

41.     In approximately May 2009, Defendants hired Plaintiff Bertnick as a Server.

42.     During Plaintiff Bertnick's employment with Defendants, Plaintiff Bertnick performed compensable work in the position of Server.

43.     Plaintiffs Deiner and Bertnick are currently employed by Defendants.

44.     During Plaintiffs' employment with Defendants, the positions of Bartender and Server were non-exempt, hourly-paid positions.

45.     During the entirety of Plaintiffs' employment with Defendants, Plaintiffs were hourly-paid, non-exempt employees for purposes of the FLSA and WWPCL.

46.     The vast majority of Defendants' employees during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) were hourly-paid, non-exempt employees employed in the positions of Bartender, Server, and Busser.

47.     At times during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

48.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiffs and all other hourly-paid, non-exempt employees bi-weekly via check.

49.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not have an established workweek for FLSA and WWPCL purposes.

50.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not have an Employee Handbook.

51.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not have or maintain written employment policies related to hours worked, work performed, wages earned, and/or complaints regarding same.

52.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were subject to Defendants' same pay and timekeeping policies and practices.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were subject to Defendants' same tip credit and tip pooling policies and practices.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not keep accurate time records for Plaintiffs and all other hourly-paid, non-exempt employees.

55.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not keep accurate payroll records for Plaintiffs and all other hourly-paid, non-exempt employees.

56.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice required Plaintiffs and all other hourly-paid, non-exempt tipped employees to pool or share earned or received tips with other employees

of Defendants, such as Cooks and Dishwashers, who did not customarily or normally earn or receive tips.

57.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice required Plaintiffs and all other hourly-paid, non-exempt tipped employees to pool or share earned or received tips with Defendants James Koenig and Linda Koenig.

58.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants kept and retained tips that were earned and received by Plaintiffs and all other hourly-paid, non-exempt tipped employees.

59.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not provide Plaintiffs and all other hourly-paid, non-exempt tipped employees with notice, either verbally or in writing, of the tip pool contribution amount for Plaintiffs and all other hourly-paid, non-exempt tipped employees.

60.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

61.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants unlawfully and impermissibly operated an invalid tip pool that deprived Plaintiffs and all other hourly-paid, non-exempt tipped employees of wages earned each work day and each workweek, including but not limited to at an overtime rate of pay.

62.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice unlawfully and impermissibly kept and retained tips that were earned and received by Plaintiffs and all other hourly-paid, non-exempt tipped employees.

63.     Defendants were or should have been aware that their policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt tipped employees for wages earned each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

64.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective**: All hourly-paid, non-exempt tipped employees employed by Defendants within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and who have not been compensated for all wages earned, including but not limited to at an overtime rate of pay, because Defendants: (1) required said employees to pool or share earned or received tips with other non-tipped employees of Defendants, such as Cooks and Dishwashers; and/or (2) kept or retained tips earned and received by said employees.

65.     Defendants, as a matter of policy and practice, operated an invalid and unlawful tip pool that required Plaintiffs and the FLSA Collective to pool or share earned or received tips with other non-tipped employees of Defendants, such as Cooks and Dishwashers. Defendants, as a matter of policy and practice, also operated an invalid and unlawful tip pool because Defendants routinely and regularly kept or retained tips earned and received by Plaintiffs and the FLSA Collective. These practices resulted in Plaintiffs and the FLSA Collective being denied compensation, including but not limited to at an overtime rate of pay, by Defendants.

66. The First Claim for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiffs on behalf of the FLSA Collective.

67. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

68. Plaintiffs and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiffs stated herein are the same as those of the FLSA Collective.

69. Plaintiffs and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' unlawful practices of: (1) requiring Plaintiffs and the FLSA Collective to pool or share earned or received tips with other non-tipped employees of Defendants, such as Cooks and Dishwashers; and (2) keeping or retaining tips earned and received by Plaintiffs and the FLSA Collective.

70. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' facility in areas where postings are normally made.

71. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

72.　Plaintiffs bring this action on behalf of themselves and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.　The similarly situated employees include:

> **Wisconsin Class:** All hourly-paid, non-exempt tipped employees employed by Defendants within the two (2) year period immediately preceding the filing of this Complaint (ECF No. 1) and who have not been compensated for all wages earned, including but not limited to at an overtime rate of pay, because Defendants: (1) required said employees to pool or share earned or received tips with other non-tipped employees of Defendants, such as Cooks and Dishwashers; and/or (2) kept or retained tips earned and received by said employees.

73.　The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class is determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

74.　The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty (30) members of the Wisconsin Class.

75.　Plaintiffs' claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by any member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendants, as alleged herein.

Defendants' corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiffs and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

76. Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiffs are represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

77. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Classes members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

78. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of

the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

79.     Defendants have violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

80.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (1) Whether the work performed by Plaintiffs and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendants required Plaintiffs and the Wisconsin Class to pool or share earned or received tips with other non-tipped employees of Defendants, such as Cooks and Dishwashers; (3) Whether Defendants kept or retained tips earned and received by Plaintiffs and the Wisconsin Class; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

81.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime and Unlawful Tips Retained**
**(Plaintiffs on behalf of themselves and the FLSA Collective)**

82.     Plaintiffs, on behalf of themselves and the FLSA Collective, re-assert and incorporate by reference all paragraphs set forth above as if restated herein.

83.     At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

84.     At all times material herein, Defendants were an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

85.     At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendants as provided under the FLSA.

86.     Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

87.     Defendants violated the FLSA by operating an invalid and unlawful tip pool. Specifically, Defendants: (1) required Plaintiffs and the FLSA Collective to pool or share earned or received tips with other non-tipped employees of Defendants, such as Cooks and Dishwashers; and/or (2) kept or retained tips earned and received by Plaintiffs and the FLSA Collective. The effect of such a practice denied Plaintiffs and the FLSA Collective wages for hours worked, including but not limited to at an overtime rate of pay for hours worked in excess

of forty (40) in a workweek, and inclusive of all such tips unlawfully kept from Plaintiffs and the FLSA Collective by Defendants.

88.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

89.     The FLSA regulates, among other things, employers' prohibition from keeping any potion of any tips received by its employees for any purposes. 29 USC § 203(m)(2)(B).

90.     Defendant Lakeview was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

91.     Defendants James Koenigs and Linda Koenigs were and are "employers" as defined in the FLSA.

92.     Defendants' failure to properly compensate Plaintiffs and the FLSA Collective was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

93.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

94.     As a result of the aforesaid willful violations of the FLSA's provisions, tips have been kept, retained, and/or withheld by Defendants from Plaintiffs and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

95.     Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay and impermissibly retained and withheld tips within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

96.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime and Regular Wages**
**(Plaintiffs, on behalf of themselves and the Wisconsin Class)**

97.     Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

98.     At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

99.     At all relevant times, Defendants were employers of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

100.     At all relevant times, Defendants employed, and continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

101.     Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

102.     At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

103.     At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class earned tips.

104.     Throughout the Wisconsin Class Period, Defendants did not compensate Plaintiffs and the Wisconsin Class for wages earned, including but not limited to at an overtime rate of pay, by: (1) requiring Plaintiffs and the Wisconsin Class to pool or share earned or received tips with other non-tipped employees of Defendants, such as Cooks and Dishwashers; and/or (2) keeping or retaining tips earned and received by Plaintiffs and the Wisconsin Class.

105.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

106.     Defendants willfully failed to pay Plaintiffs and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

107. Defendants willfully failed to pay Plaintiffs and the Wisconsin Class earned wages in the form of tips that were kept and/or retained by Defendants, in violation of Wisconsin Wage Payment Laws.

108. As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

109. Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
### Unjust Enrichment
### (Plaintiffs, on behalf of themselves and the Wisconsin Class)

110. Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

111. At all relevant times, Plaintiff and the Wisconsin Class conferred a benefit upon Defendants via hours worked and/or work performed at the direction of Defendants, with Defendants' knowledge, and/or for Defendants' benefit.

112. At all relevant times, Defendants unlawfully and inequitably kept and/or retained tips that were earned by Plaintiffs and the Wisconsin Class as a result of hours worked and/or work performed by Plaintiffs and the Wisconsin Class, in violation of Wisconsin common law.

113. Plaintiffs and the Wisconsin Class seek recovery of the unlawfully and inequitably kept and/or retained tips, in addition to attorneys' fees and the costs of this action to be paid by Defendants.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for kept and/or retained tips by Defendants for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendants to reimburse Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES**

Dated this 30th day of March, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com